## Mathews v. City of Richmond.

Sept. 29, 1942.

Carl F. Eversole for appellant.

George C. Robbins for appellee.

Opinion of the Court by Judge Rees—Affirming.

J. M. Mathews, a resident of the city of Richmond, fell on a concrete sidewalk in the city on March 25, 1940, and thereafter brought this action against the city to recover damages for injuries he received. He alleged in his petition that the city failed and neglected to keep the sidewalk in a safe condition; that there was a large hole in the sidewalk, and that he stepped into it and fell and was injured; and that the dangerous and unsafe condition of the sidewalk was known to the city of Richmond, its agents and officers or, by the exercise of ordinary diligence, could have been known to them. On the trial of the case the defendant's motion for a peremptory instruction in its favor made at the conclusion of the plaintiff's evidence was overruled. At the conclusion of all the evidence the defendant renewed its motion for a peremptory instruction, and the motion was sustained. The propriety of that ruling is the only question presented by this appeal.

The appellee insists that the judgment should be affirmed on two grounds: (1) The plaintiff failed to prove that he suffered any injury; and (2) he failed to prove that any officer or agent of the city of Richmond had any knowledge of the alleged defective condition of the sidewalk or that such condition had existed so long that notice or knowledge of it could be imputed to the city.

The sidewalk in question was along Fifth street, and was eighteen inches or two feet higher than the street. The plaintiff testified that he was walking on the side-

walk with his wife, he being on the outside next to the street, when the concrete broke and his foot dropped into a hole about eighteen inches deep. His testimony as to the nature and extent of his injuries was hazy and indefinite. He said that he suffered pain in his back, and that after the accident a lump as large as his thumb appeared on his abdomen, the inference being that he suffered a hernia. Dr. M. M. Robinson was introduced as a witness by the plaintiff. Dr. Robinson testified that he examined the plaintiff the morning after the accident and found only superficial scratches on his leg. Plaintiff came to his office two or three times and his bill for his services was not over $10. Dr. Robinson also testified that he operated on plaintiff for appendicitis about ten years before the alleged accident. The wound became infected and plaintiff was left with a post-operative hernia which the physician offered to reduce, but the plaintiff refused to permit him to perform the operation. He found no change in its appearance or condition after the accident. Plaintiff's evidence as to any substantial injury was weak, but even though he had suffered little more than nominal damages he was entitled to have his case submitted to the jury if his injuries, though slight, were caused by the negligence of the defendant. No witness testified that the dangerous condition of the sidewalk was obvious or had existed for any length of time prior to March 25, 1940. Frank Davis testified that about one year before the trial he worked for the owner of the property abutting on the street at the point of the accident. The trial occurred on May 21, 1941. He saw a crack about twelve feet long in the sidewalk, but saw no hole. He did see "rock coming out from under the sidewalk," but he testified to no facts showing that the sidewalk appeared to be in a dangerous or unsafe condition.

The appellant relies chiefly on two photographs taken on April 10, 1940, or about two weeks after the accident. At the time the protographs were taken the hole in the sidewalk had been filled with dirt and a board had been placed along the edge of the sidewalk to hold the dirt. It can be inferred from these photographs that the sidewalk had been undermined, and that the base had disintegrated and sloughed away leaving only a thin top layer of concrete which broke when plaintiff stepped on it. There was nothing on the surface of the sidewalk to indicate that it was in an unsafe condition.

The defect was latent. The crack in the concrete, as described in the evidence and shown by the photographs, was not sufficient to put the city on notice. The photographs show that at the time they were taken dirt, rock, and gravel had slipped from under the sidewalk at a point near the place of the accident on the side next to the street, and there was an open space several inches deep, but there is no proof as to how long this condition had existed and a jury should not be permitted to speculate on that question without proof other than photographs taken more than two weeks after the accident. In order to render a municipality liable for injuries resulting from an unsafe condition in a sidewalk, it must have had knowledge or notice thereof for a sufficient length of time before the accident to have remedied the condition. In the absence of actual notice of such defect, knowledge thereof cannot be imputed to the municipality unless it be shown that the defect existed for such a time that in the ordinary course of events it would have come to the attention of the municipal authorities. Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456; City of Corbin v. Benton, 151 Ky. 483, 152 S. W. 241, 43 L. R. A., N. S., 591. In Bell v. City of Henderson, 74 S. W. 206, 207, 24 Ky. Law Rep. 2434, the court stated the rule as follows:

"A municipality is not an insurer against accidents to persons using its thoroughfares. It is not liable for injuries caused by defective streets in the absence of actual notice of such defect, or unless they have existed so long that notice or knowledge thereof should be imputed to it; and notice should not be imputed where the defects are of recent origin, and particularly where they are concealed in any wise. Whilst generally the jury should determine, as a question of fact, whether a city has such notice, yet, where the facts are undisputed, and but one reasonable inference can be drawn from them, it becomes a question for the court to decide."

There was no proof that the city had actual notice of the defective condition of the sidewalk, and the proof relied upon to show that the condition had existed for such a length of time as to impute knowledge thereof to the municipal authorities was insufficient to warrant a submission of that question to the jury.

The judgment is affirmed.